**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAUL JOE ALDRETE,<br><br>　　　　　　　Petitioner,<br><br>　　　v.<br><br>CHRISTIAN PFEIFFER, Warden,<br><br>　　　　　　　Respondent. | ) Case No. CV 18-10800-JPR<br>)<br>) MEMORANDUM DECISION AND ORDER<br>) DENYING PETITION AND DISMISSING<br>) ACTION WITH PREJUDICE<br>)<br>)<br>)<br>)<br>) |

**PROCEEDINGS**

On December 12, 2018, Petitioner, proceeding pro se, constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody, raising a single claim: his 2000 conviction for discharging a firearm was "not a strikable offen[s]e." (Pet. at 3; see also id. at 1-2.)[1]  Respondent moved to dismiss on June 20, 2019, and Petitioner opposed on March 20, 2020.  Respondent did not file a reply.  The parties consented to

---

[1] The Ninth Circuit transferred the Petition to this Court after denying as unnecessary Petitioner's application to file a second or successive petition in that he had not filed a prior petition pertaining to the 2000 conviction.

1

the jurisdiction of the undersigned under 28 U.S.C. § 636(c)(1). For the reasons discussed below, the Petition is denied as untimely and because the Court lacks subject-matter jurisdiction, and this action is dismissed with prejudice.

**BACKGROUND**

On August 17, 2000, Petitioner pleaded guilty in Los Angeles County Superior Court to discharging a firearm with gross negligence under former California Penal Code section 246.3 and was sentenced to five years probation with one year in county jail. (See Lodged Doc. 1 at 10; Pet. at 1-2; Opp'n at 3.) Petitioner did not appeal. See Cal. App. Cts. Case Info., http://appellatecases.courtinfo.ca.gov/ (search for "Aldrete" with "Raul" in Second App. Dist. revealing no appeals filed after 1994) (last visited July 23, 2020); see also Opp'n at 3 ("[P]etitioner has never filed any appeal on this matter.").

Subsequently, in 2013, a San Bernardino County jury convicted him of assault with a firearm, willful infliction of corporal injury on a cohabitant, and felon in possession of a firearm. (Lodged Doc. 1 at 2.) The trial court found true that Petitioner had been convicted of two prior strikes, including the 2000 discharging-a-firearm conviction. (Id. at 2, 10.) He was sentenced to 37 years to life in state prison. (Id. at 2.) The California Court of Appeal affirmed the judgment on June 19, 2015. (Id. at 1-2.) Petitioner did not file a petition for review. See Cal. App. Cts. Case Info., http://appellatecases.courtinfo.ca.gov/ (search for "Aldrete" with "Raul" in supreme court revealing no petition for review filed after 1995) (last visited July 23, 2020).

**PETITIONER'S CLAIM**

Petitioner's 2000 conviction for discharging a firearm in a grossly negligent manner should not count as a strike. (Pet. at 1, 3.)

**DISCUSSION**

**I. The Court Lacks Subject-Matter Jurisdiction**

Under § 2254(a), a federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Section 2254(a)'s custody requirement "has been interpreted to mean that federal courts lack jurisdiction over habeas corpus petitions unless the petitioner is 'under the conviction or sentence under attack at the time his petition is filed.'" Bailey v. Hill, 599 F.3d 976, 978-79 (9th Cir. 2010) (citation omitted); see also Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per curiam) (interpreting § 2254(a) as "requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed"). Because the custody requirement is jurisdictional, "it is the first question [a court] must consider." Bailey, 599 F.3d at 978 (citation omitted).

In August 2000, Petitioner was apparently sentenced on the discharging-a-firearm conviction to five years probation with one year in county jail. (Lodged Doc. 1 at 10-11; Pet. at 1-2.) His probation, and therefore his custody, see Chaker v. Crogan, 428 F.3d 1215, 1219 (9th Cir. 2005), likely terminated five or six years later, in August 2005 or 2006. But even if Petitioner

violated his probation shortly before its anticipated completion and was sentenced to the upper term of three years, see Cal. Penal Code §§ 18 & 246.3 (2000), his custody would have ended in August 2008 or 2009. On December 12, 2018, then, the constructive filing date of the Petition, he wouldn't have been in custody on the conviction he challenges for about a decade or more. Because he was not "'in custody' under the conviction or sentence under attack at the time his petition [wa]s filed," this Court lacks subject-matter jurisdiction, and the Petition must be dismissed with prejudice. Maleng, 490 U.S. at 490; see Hays v. Tews, No. CV 15-4279-DMG (KES), 2015 WL 13123193, at *2, *6-7 (C.D. Cal. Nov. 2, 2015) (dismissing habeas petition with prejudice for lack of subject-matter jurisdiction because petitioner was no longer in custody on conviction he challenged), accepted by 2017 WL 962754 (C.D. Cal. Mar. 13, 2017).[2]

## II. The Petition Is Untimely

Even had Petitioner been in custody when he filed the Petition, it would still have to be dismissed because it is untimely by nearly two decades.

---

[2] To the extent Petitioner challenges his 2013 sentence, thereby collaterally attacking the 2000 conviction, he may not do so. "[O]nce a state conviction is no longer open to direct or collateral attack in its own right" because the petitioner "failed to pursue" relief when it was available or was unsuccessful in doing so, "the conviction may be regarded as conclusively valid" and federal courts are without jurisdiction to review it on habeas. Lackawanna Cnty. Dist. Att'y v. Coss, 532 U.S. 394, 403 (2001). If an expired conviction is "later used to enhance a criminal sentence," a petitioner "generally may not challenge the enhanced sentence" through a § 2254 petition "on the ground that the prior conviction was unconstitutionally obtained." Id. at 403-04.

A. <u>Applicable Law</u>

The Antiterrorism and Effective Death Penalty Act sets forth a one-year limitation period for filing a federal habeas petition and specifies that the period runs from the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). AEDPA includes a statutory tolling provision that suspends the limitation period for the time during which a properly filed application for postconviction or other collateral review is pending in state court. See § 2244(d)(2); <u>Waldrip v. Hall</u>, 548 F.3d 729, 734 (9th Cir. 2008). In addition to statutory tolling, federal habeas petitions are subject to equitable tolling of the one-year limitation period in

appropriate cases. Holland v. Florida, 560 U.S. 631, 645 (2010). Determining whether equitable tolling is warranted is a fact-specific inquiry. Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001) (as amended). The petitioner must show that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing. Holland, 560 U.S. at 649.

As to both statutory and equitable tolling, a petitioner bears the burden of demonstrating that AEDPA's limitation period was sufficiently tolled. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (equitable tolling); Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002) (as amended) (statutory tolling), abrogated on other grounds by Pace, 544 U.S. at 418.

B. Analysis

Petitioner apparently pleaded guilty and was convicted on August 17, 2000. (See Pet. at 1-2; see also Opp'n at 2-3.) He did not file any direct appeal. See Cal. App. Cts. Case Info., http://appellatecases.courtinfo.ca.gov/ (search for "Aldrete" with "Raul" in Second App. Dist. yielding no direct appeal in 2000) (last visited July 23, 2020); (see also Opp'n at 3). He does not contend that he is entitled to a later trigger date under § 2244(d)(1)(B), (C), or (D), and the record discloses no basis for applying any of those provisions.[3] Because Petitioner

---

[3]At one point, Petitioner cites People v. Gallardo, 4 Cal. 5th 120 (2017) (Pet. at 3), possibly suggesting that he could not have sought relief until it came out, in December 2017. But § 2244(d)(1)(C) applies to U.S. Supreme Court decisions, not state ones. See Banks v. Sherman, No. CV 18-9468-SP, 2019 WL 4749903, at *3 (C.D. Cal. Sept. 30, 2019) (finding that Gallardo

did not appeal, his state conviction became final for AEDPA purposes on approximately October 16, 2000, 60 days after judgment. See Cal. R. Ct. 8.308(a) (formerly Rule 30.1(a)); cf. Caspari v. Bohlen, 510 U.S. 383, 390 (1994) (state conviction and sentence become final when availability of direct appeal has been exhausted and time for filing petition for writ of certiorari has elapsed or timely filed petition has been denied).[4] Thus, AEDPA's one-year statute of limitations began to run on October 17, 2000, and ostensibly expired on October 16, 2001. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (holding that AEDPA limitation period begins day after triggering event). Petitioner did not constructively file his petition until December 12, 2018, more than 17 years late.

Petitioner does not claim to have filed any state habeas petition while the limitation period was running, nor is there any evidence he did so. Accordingly, because he is not entitled to any statutory tolling, he must show equitable tolling sufficient to account for the significant delay in filing the Petition. Even if his opposition to the motion to dismiss is liberally construed to argue for equitable tolling, he fails to demonstrate that it should apply.

---

didn't qualify petitioner for later start date under § 2244(d)(1)(C)); see also Dodd v. United States, 545 U.S. 353, 357-58 (2005) (construing identical language in § 2255 as expressing "clear" congressional intent that delayed accrual is inapplicable unless U.S. Supreme Court itself has made new rule retroactive). Thus, Gallardo cannot provide a later trigger date.

[4]Petitioner could not have filed a petition for writ of certiorari because he did not appeal to the highest state court. See 28 U.S.C. § 1257; Sup. Ct. R. 13.

Petitioner alleges that his attorney failed to advise him that his entry of a guilty plea would result in a conviction that might be used to enhance a future sentence. (See Opp'n at 3-4.) Equitable tolling may be available when misconduct by a petitioner's attorney was "sufficiently egregious" that it constitutes an "extraordinary circumstance." Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010) (as amended); see also Spitsyn v. Moore, 345 F.3d 796, 801 (9th Cir. 2003) (as amended) (holding that attorney's failure to prepare and file habeas petition despite petitioner's repeatedly contacting him about it amounted to sufficiently egregious misconduct for equitable tolling). Even if Petitioner's claim were true — and there is no evidence of that other than his own conclusory allegation — any such failing on the part of his attorney could not have caused a 17-year delay. See Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009) ("The petitioner must additionally show that the 'extraordinary circumstances were the cause of his untimeliness.'" (citation omitted)). Indeed, he proffers no facts explaining the delay, including the five years he waited after his 2013 sentence was enhanced by the 2000 conviction to seek relief. See Doe v. Busby, 661 F.3d 1001, 1015 (9th Cir. 2011) ("[W]e do not doubt that tolling a case for twenty years would be difficult to justify.").

Accordingly, Petitioner is not entitled to a later trigger date or tolling of any kind, and the Petition is untimely by more

than 17 years.[5]

**ORDER**

IT THEREFORE IS ORDERED that Judgment be entered denying the Petition and dismissing this action with prejudice.[6]

DATED: July 23, 2020

*(signature)*
JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE

---

[5]Because the Petition is untimely, the Court need not address Respondent's exhaustion argument. (See Mot. to Dismiss at 3-5); Seals v. Jaquez, No. C 10-3707-PJH (PR), 2013 WL 4555227, at *3 n.4 (N.D. Cal. Aug. 27, 2013), aff'd, 623 F. App'x 363 (9th Cir. 2015).

[6]To the extent Petitioner seeks resentencing on his 2000 or 2013 convictions under new state law (see Opp'n at 3, 6), he must seek such relief in state court. See Jones v. Super. Ct., No. CV 15-752-JFW (PJW), 2016 WL 7638205, at *2 (C.D. Cal. Nov. 17, 2016) (claim for resentencing under Proposition 36 not cognizable in federal court), accepted by 2017 WL 43915 (C.D. Cal. Jan. 4, 2017); Nelson v. Biter, 33 F. Supp. 3d 1173, 1176-78 (C.D. Cal. 2014) (request for resentencing under Cal. Penal Code § 1170.126 not federal constitutional claim).